**Opinion filed August 31, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00044-CR
_____

## MIGUEL CHATMAN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR35769**

### M E M O R A N D U M   O P I N I O N

Miguel Chatman appeals his conviction by a jury of the offense of murder. The jury assessed his punishment at seventy-five years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000. We affirm.

Chatman was first arrested on the charges in this case in Roby, Texas, and was placed in the Fisher County jail. Chatman allegedly made various telephone calls while in that jail. He was later transferred to the Midland County jail. The State also claims that he made telephone calls from that jail also. Calls from the Fisher County jail, as well as calls from the Midland

County jail, were recorded. The trial court admitted into evidence CDs that purportedly contained excerpts from those calls. In a single issue, Chatman contends that the trial court abused its discretion when it admitted those CDs into evidence.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901(a). Rule 901 includes illustrative and non-exhaustive examples of authentication or identification conforming with the requirements of the rule. Rule 901(b). Evidence can be authenticated or identified by distinctive characteristics and the like, as well as by appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances. Rule 901(b)(4). A voice can be identified, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker. Rule 901(b)(5).

Ray Weatherby, a sergeant in the Midland County Sheriff's Department, testified that the Midland County jail has a recording system to record phone calls. He related that the system records every time a phone call is made in the jail. He said that every time a phone call is made there is a notice that the phone call is recorded. He identified CityTel as the company through which the county contracts the system.

Sergeant Weatherby testified that the calls can be obtained by reference to a specific telephone number or a specific area of the cells. He indicated that the recordings are kept in the regular course of business and are made at or near the time the phone call is actually made. With respect to the method of storage, Sergeant Weatherby said that the recording is made on a device capable of making an accurate recording if somebody else wanted to download it.

Robin Elizabeth Cleveland testified that she is the jail administrator for the Fisher County Sheriff's Office in Roby. She indicated that, as part of her duties, she is in charge of the operations of the phone systems. Although only recently assuming the job of jail administrator, Cleveland stated that she was somewhat familiar with how the recording system in the jail works. She related that the phone system goes through a switch at the corporate office for Oliver Company when the inmates have individual pin numbers. She said there is one phone that inmates have to share with their cellmates. She confirmed that, before each call is completed,

2

the individual is advised that the phone call may be monitored or recorded. She affirmed that the calls are recorded "through the Dallas office."

Cleveland testified that, once a call has been recorded, someone from Fisher County is able to get access to the recordings. She said they are accessed from the internet through the Oliver Company. She indicated that the calls, which are recorded at the same time they are made, are made and kept in the normal course of business. She insisted that the recording system is set up so that it is able to make an accurate recording of the phone call as it is being made. She said that, to her knowledge, the system had been working properly since January 2009.

Bill Anderson testified that he is a detective with the Midland Police Department. He said that, with respect to a murder at a club called Pleasures, another detective gave him a list of phone numbers related to suspects in custody. He indicated that he retrieved some of the phone calls from or to those numbers and turned them over to the detective who had given him the numbers. Detective Anderson testified that he reviewed State's Exhibit No. 142. He indicated that the excerpt he reviewed matched the CD that had his handwriting on it from the jail phone calls he had downloaded. He said he verified that by listening to the original to make sure the excerpt was the same. He stated that the voice on the call is purported to be Chatman and a female.

Sheldon Johnson, a detective with the Midland Police Department, testified that he had reviewed recordings marked as State's Exhibits 140 and 141, which he had received from the Fisher County Sheriff's Office. He stated that they were excerpts of conversations between Chatman and other individuals. He said they were fair and accurate recordings of the excerpts "that are taken off." He confirmed that nothing had been added to or removed from the statements actually on the discs.

James Timothy Braziel testified that he had known Chatman most of his life. He said that, upon listening to State's Exhibit Nos. 140, 141, and 142, he was able to identify the male voice on the CDs as Chatman and the female voice as Jasmine.

The State offered the CDs as telephone conversations made by Chatman while he was in the Fisher County and Midland County jails. The evidence presented showed that the CDs in question were telephone conversations between Chatman and a female while he was in custody at the Fisher County jail and the Midland County jail. Evidence was presented indicating that

they came from the respective telephone systems, which produce accurate recordings. We hold that State's Exhibit Nos. 140, 141, and 142 were sufficiently authenticated and identified and that the trial court did not abuse its discretion in admitting them into evidence.

Chatman presents several bases for suggesting that the recordings were not properly authenticated. These include: (1) Sergeant Sergeant Weatherby could not identify the name of the company with whom the Midland County Sheriff's Department contracted at the time Chatman's phone calls were recorded while Chatman was in the Midland County jail; (2) no one from a company operating one of the telephone systems testified; (3) Cleveland was not responsible for either the operation or the maintenance of the telephone recording system utilized to record jail inmate conversations and was not serving in the capacity of jail administrator for the Fisher County jail at the time of Chatman's incarceration but was just a jail dispatcher; (4) no one testified as to the factual accuracy of the recordings or the lack of changes, additions, or deletions; and (5) the persons who testified in support of the admission of the recordings were not custodians or other qualified witnesses as required by Texas Rule of Evidence 803(6).

With respect to Chatman's representation that no one testified as to the factual accuracy of the recordings, we note that Cleveland testified that the Fisher County jail recording system is set up so that it is able to make an accurate recording of a phone call as it is being made and that, to her knowledge, the system had been working properly since January 2009. We find that Cleveland's employment capacity at the time the calls were made is irrelevant given the fact that she was the jail administrator at the time of her testimony. As noted in Chatman's brief, Sergeant Weatherby said the recordings in Midland County are made on a device capable of making an accurate recording if somebody else wanted to download it. While Chatman suggests that this testimony should be interpreted to mean that the system permitted accurate copies to be made, as opposed to testimony that the device itself was capable of accurately recording the actual telephone conversations, we believe that the jury could reasonably interpret Sergeant Weatherby's testimony as meaning that the device accurately recorded the telephone conversations.

We also find that Chatman's allegation that the authentication was not supported by the custodian of the recordings or another qualified witness is unfounded. At the time of her testimony, Cleveland was the jail administrator for Fisher County and was in charge of the operation of the phone system there. Sergeant Weatherby's testimony indicated a familiarity

with the Midland County phone system. We find him to be a qualified witness within the meaning of Rule 803(6).

Chatman suggests that, in order to authenticate the calls, the State was obligated to show that there had been no changes, additions, or deletions to the exhibits. He relies on a federal case, *Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512 (M.D.N.C. 2008). In that case, the court held that certain audiotapes were inadmissible, noting that the proponent did not lay a sufficient foundation for recognition of the speakers' voices, that the source of the recordings and the manner in which they were made were not indicated, and that their preservation was not indicated to show that no changes, additions, and deletions were made. *Id.* at 532. As authority, the district court cited the case of *United States v. Branch*, 970 F.2d 1368 (4th Cir. 1992). In *Branch*, the court listed the factor of showing that no changes, additions, or deletions have been made as one of the factors that, it said, are to provide guidance to the trial court when called to make rulings on authentication issues, but the court held that each of the factors need not be shown in every case. *Id.* at 1371-72. As noted in *Branch*, the issue is whether the testimony is sufficient to show that the recordings are what the State claims them to be: recordings of conversations by Chatman while he awaited trial. We hold that evidence to be sufficient, despite any suggested lack of evidence relating to changes, additions, or deletions. We note that there is no evidence that there have been any such changes, additions, or deletions.

Inasmuch as the evidence is sufficient to show that the recordings are what the State represents them to be, we hold there is no requirement for testimony from a representative of the company that operates the system for the county involved. We also do not find any requirement that a particular witness know the name of the company that operated the system when the recordings were made. We overrule Chatman's sole issue on appeal.

The judgment is affirmed.

PER CURIAM

August 31, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.